UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  *Plaintiff*,<br><br>v.<br><br>29.1727822 BITCOIN AND 4.92491919 BITCOIN, SEIZED ON APRIL 19, 2018, AND A 2014 JEEP WRANGLER, VIN - 3479,<br>  *Defendants*.<br><br>[CLAIMANT: VINCENT DECARO] | No. |

## STIPULATION FOR COMPROMISE SETTLEMENT

In full and final satisfaction of any and all claims, demands, and liens from which PLAINTIFF, UNITED STATES OF AMERICA ("UNITED STATES"), its agents, subrogees, successors, and assigns, now have against the above-referenced defendant asset, the UNITED STATES and the CLAIMANT, VINCENT DECARO ("CLAIMANT"), and his agents, subrogees, successors, and assigns, hereby stipulate and agree to the compromise settlement of the above-referenced action, upon the terms and conditions set forth below:

1. Concerning the 29.1727822 Bitcoin, the CLAIMANT agrees to the forfeiture of 13.63908056 Bitcoin to the UNITED STATES. The UNITED STATES agrees to return 15.53370164 Bitcoin to the CLAIMANT VINCENT DECARO, through his attorneys, Morgan Rueckert and Audrey Felsen.

2. Concerning the 4.92491919 Bitcoin, the UNITED STATES agrees to return the 4.92491919 Bitcoin, to the CLAIMANT VINCENT DECARO, through his attorneys, Morgan Rueckert and Audrey Felsen.

1

3. Concerning the 2014 Jeep Wrangler, VIN -3479, the UNITED STATES agrees to return the 2014 Jeep Wrangler, VIN -3479, to the CLAIMANT VINCENT DECARO, through his attorneys, Morgan Rueckert and Audrey Felsen.

4. That the CLAIMANT further agrees that neither he nor any current or future agents, representatives, subrogees, assigns, or successors, shall appear in or pursue any action or proceeding at law or in equity to contest the forfeiture of 13.63908056 Bitcoin to the UNITED STATES in the above-referenced forfeiture action.

5. That the Claimant agrees to waive any criminal or civil deadlines to forfeiture in this matter or in 3:18-cr-171 (SRU), as well as any criminal or civil substantive or procedural defenses he might have had in this matter or in 3:18-cr-171 (SRU) concerning the forfeiture of the assets in this agreement.

6. That the CLAIMANT agrees for the purpose of this Stipulation of Compromise Settlement in the above-captioned case that he is not a prevailing party pursuant to 28 U.S.C. § 2412.

7. That the CLAIMANT hereby releases and forever discharges the Unites States of America, the Drug Enforcement Administration, the United States Postal Inspection Service, and/or any other agency, and their officers, agents, servants, and employees, their heirs, successors, or assigns, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which CLAIMANT, his heirs, successors, or assigns ever had, now have, or may have in the future in connection with the seizure, detention, and forfeiture of the defendant asset.

8. That the CLAIMANT further agrees to hold and save the United States of America, the Drug Enforcement Administration, the United States Postal Inspection Service, and/or any other agency, and their servants, employees, heirs, successors, or assigns harmless from any claims by any others, including costs and expenses for or on account of any and all lawsuits or claims of any character whatsoever, in connection with the seizure, detention, or forfeiture of the defendant asset.

9. This Stipulation for Comprise Settlement shall not constitute an admission of liability or fault on the part of the UNITED STATES, its officers, agents, servants, or employees, or on the CLAIMANT, and is entered into by all parties for the purpose of compromising disputed claims and avoiding the further expense and risk of litigation.

10. The UNITED STATES and the CLAIMANT agree to bear their own costs and attorneys' fees, and to execute and/or consent to, any additional documentation necessary to implement the terms of this stipulated agreement and in the related forfeiture action.

11. The CLAIMANT further agrees that his signature on this agreement constitutes a withdrawal of any Petition(s) for Remission and/or Mitigation filed by him regarding the asset subject to forfeiture in the above-referenced action.

12. The signatories to this document represent that they have the authority to bind the respective individuals and/or organizations.

13. The signatories to this document represent that they have understanding sufficient to comprehend the nature, extent, and consequences of this transaction.

14. Payments related to this settlement are subject to offset pursuant to the Treasury Offset Program. Federal Law requires the Department of the Treasury and other disbursing officials to offset Federal payments to collect delinquent tax and non-tax debts owed to

the United States, and certain other debts owed to the individual states, including delinquent child support. The IRS also levies disbursing officials to collect delinquent tax debts. Agencies submitting debts for collection by offset or levy send due process notification to the last known address prior to submission. If a payment to be made to a CLAIMANT(S) is reduced to collect a debt, the Department of Treasury will send a notice to the CLAIMANT(S) at the last address provided by the CLAIMANT(S) to the governmental agency or entity to whom the offset payment is made. If a CLAIMANT has any questions about whether the payment may be subject to an offset, the CLAIMANT(S) may contact the Treasury Department at 1-800-304-3107.

**LEFT BLANK INTENTIONALLY**

15. The parties acknowledge that no other promises, agreements, or conditions have been entered into other than those set forth in this Stipulation of Compromise Settlement, and none will be entered into unless set forth in writing, signed by all the parties.

UNITED STATES OF AMERICA
VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

Dated: 8/8/2024

By: _____
DAVID C. NELSON
ASSISTANT U.S. ATTORNEY
157 CHURCH STREET
NEW HAVEN, CT 06510
(203) 821-3700
FEDERAL BAR # ct25640

ATTORNEY FOR THE PLAINTIFF
UNITED STATES OF AMERICA

Dated: 8/08/2024

_____
VINCENT DECARO
CLAIMANT

Dated: 8/8/2024

_____
MORGAN PAUL RUECKERT
SHIPMAN & GOODWIN, LLP
ONE CONSTITUTION PLAZA
HARTFORD, CT 06103-1919

ATTORNEY FOR THE CLAIMANT

5